# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:14cr00039-1 |
| *v.* | **REPORT AND RECOMMENDATION** |
| SHANNON LEE STICKLEY | By: Hon. James G. Welsh |
| *Defendant* | U.S. Magistrate Judge |

      On January 15, 2015 came the United States, by counsel, and came also the defendant, in his own proper person and by his counsel. At which time counsel for the parties jointly represented that the parties had entered into a plea agreement, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing (docket #51).

      As set forth in more detail in an Indictment (docket #1), the Grand Jury previously returned a multiple count, multi-defendant, Indictment charging the above-named defendant in **Count One** that on or about July 22, 2014 in this district this defendant did knowingly possess a machine gun, that is a UZI 9mm machine gun, Model B; all in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); charging the above-named defendant in **Count Two** that on or about July 22, 2014 in this district this defendant did knowingly possess a firearm, that is a UZI 9mm machine gun, Model B, that had been transported in interstate commerce from which the manufacturer's serial number had been removed, altered, and obliterated; all in violation of 18 U.S.C. §§ 922(k)

and 924(a)(1)(B); charging the above-named defendant in **Count Three** that on or about July 22, 2014 in this district this defendant knowingly possessed and received a firearm, that is a silencer; all in violation of 26 U.S.C. §§ 5861(c) and 5871; charging the above-named defendant in **Count Four** that on or about July 22, 2014 in this district this defendant knowingly and unlawfully transferred a firearm, that is a silencer to law enforcement officers; all in violation of 26 U.S.C. §§ 5812, 5861(e) and 5871; charging the above-named defendant in **Count Five** that on or about July 22, 2014 in this district this defendant knowingly received and possessed a firearm, that is a UZI 9mm machine gun, Model B, which has the serial number and other identification required by chapter 53 of Title 26 obliterated; all in violation of 26 U.S.C. §§ 5842, 5861(h) and 5871; and charging the above-named defendant in **Count Six** that on or about July 22, 2014 in this district this defendant did knowingly possess a firearm, that is a silencer, not identified by a serial number as required by chapter 53 of Title 26; all in violation of 26 U.S.C. §§ 5842, 5861(i) and 5871.  In addition, the Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of one or more of the offenses alleged against him.

The Rule 11 plea hearing was recorded by a court reporter.  *See* Rule 11(g).  The United States was represented by Heather L. Carlton, Assistant United States Attorney.  The defendant was at all times present in person and with his counsel, Lewis K. Nagy.  Inquiry was made to the defendant pursuant to Rule 11(b) and (c); the government presented an agreed written Statement of Facts for the purpose of establishing an independent basis for the agreed plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

After the defendant was placed under oath, he was addressed personally in open court. He stated he understood his obligation to testify truthfully in all respects under penalty of

perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is SHANNON LEE STICKLEY; he is twenty-six (26) years of age, and he has a 10th grade education. He stated he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the charged felony offense set forth in Count One of the Indictment.

The defendant acknowledged that he had received a copy of the Indictment and it had been fully explained to him. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated he understood the nature of the charges against him in the Indictment and specifically understood it charged six felony offenses and contained a forfeiture notice. *See* Rule 11(b)(1)(G). He testified he had discussed any possible defenses with his attorney, and he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter a plea of guilty to Count One had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a plea of guilty pursuant to the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel

3

for the government next set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to enter a plea of guilty to Count One of the Indictment which charged him in Count One with knowingly possessing a machine gun, that is a UZI 9mm machine gun, Model B, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) [¶ A.1.]; the defendant's express acknowledgment of the maximum statutory penalty for the offense charged in Count One [¶ A.1.]; his express recognition that any period of incarceration would be followed by a period of supervised release of three (3) years which, if violated, could increase his possible period of incarceration [¶ A.1.]; the defendant's admission of his factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the terms of the government's agreement as to this defendant to dismiss in the remaining counts of the Indictment [¶ A.3.]; the terms of the government's agreement not to seek to indict or charge the defendant arising from or related to any evidence seized pursuant to a search of the defendant's residence on November 13, 2014 [¶ A.4.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's acknowledgement that the government would object to any sentence below the guideline range [¶ B.1.]; the parties' stipulation that the 2014 edition of the Guideline Manual applies to the offense, that the base offense level of 18 applies pursuant to guideline sections 2K2.1(a)(5), and that a +4 offense level applies pursuant to 2K2.1(b)(4)(B) because of the obliterated serial number [¶ B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's various monetary, financial disclosure obligations, including payment of a $100.00 special

4

assessment and the related restitution and assessment provisions [¶ B.4.]; the terms of the defendant's forfeiture obligation [¶ C.]; the terms of the defendant's express relinquishment of his waivable rights of direct appeal [¶ D.1.]; the terms of the defendant's express relinquishment of his waivable rights to make any collateral attack on any judgment or sentence imposed by the court [¶ D.2.]; the defendant's abandonment of any seized property [¶ D.5.]; the defendant's waiver of all rights to access to investigation or prosecution records or information [¶D.3.]; the defendant's various other obligations [¶ D.8.]; the defendant's acknowledgment that he had been effectively represented in this case [¶ F.3.]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(O) and 11(c)(1)–(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that the plea agreement had been fully discussed and its terms reviewed with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

5

After counsel for the government outlined the range of punishment for the offense, the defendant acknowledged that he understood the maximum penalty provided by law for the Count One offense was confinement in a federal penitentiary for a term of ten (10) years, a fine of $250.000.00 and a term of supervised release of at least three (3) years. *See* Rule 11(b)(1)(H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in his being adjudged guilty of a felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain of his property to the government. *See* Rule 11(b)(1)(J)-(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the

Guidelines and other factors under 18 U.S.C. § 3553(a).  *See* Rule 11(b)(1)(M).  He stated that he understood that the court will not be able to determine the recommended guideline sentence range in his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw his guilty plea.  *See* Rule 11(c)(3)(B).  He acknowledged that he knew parole had been abolished and that he would not be released on parole.  He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would include a period of supervised release or could, if applicable, subject him to deportation from this country.  *See* Rule 11(b)(1)(H) and (O).

Pursuant to the terms of the plea agreement [¶ D.1.], the defendant expressly acknowledged that he understood that he was giving-up all of his waivable rights to appeal.  Likewise, pursuant to the terms of the plea agreement [¶ D.2.], he expressly acknowledged that he understood he was similarly giving-up all of his waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

His procedural rights surrendered on a plea of guilty were also explained, including: the right to plead not guilty to any charged offense; the right to persist in any not guilty plea; the right to trial by an impartial jury; the attendant rights to counsel to assist in his defense, the presumption of innocence, the obligation of the government to prove guilt beyond a reasonable doubt, the right at trial to see, hear and confront (to have cross-examined all witnesses presented against the defendant); the right to decline to testify unless one voluntarily elects to do so; the right to remain silent; the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify for the defense, and the right to a unanimous jury verdict.

7

*See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact knowingly possessed a machine gun as alleged in Count One.

## GOVERNMENT'S EVIDENCE

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted an agreed written Statement of Facts summarizing the essential facts the government was prepared to prove at trial. The defendant and his counsel each represented that the proffer fairly summarized the essentials of the government's case. *See* Rule 11(b)(3).

## THE PLEA

After testifying that he had heard and understood all parts of the proceeding, the defendant waived a reading of the Indictment. Upon being then called-upon for his plea, the defendant entered a plea of GUILTY to Count One alleging his violation of Title 18, United States Code, §§ 922(o) and 924(a)(2).

The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See*

Rule 11(b)(2). The defendant reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it.

The defendant requested release on terms and conditions; the government did not object, and the defendant was released on terms and conditions set forth in a separate order of the undersigned (docket #60) pending the district judge's acceptance of his plea and sentencing.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One and of the consequences of his guilty plea;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and his tender of a plea of guilty to Count One was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered his plea of guilty to Count One of the Indictment;

7. The defendant's plea of guilty did not result from force, threats, inducements or

   promises other than those promises contained in the written plea agreement;

8. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G));

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court accept the defendant's plea of **GUILTY** to the offense charged in Count One of the Indictment, that the defendant be **ADJUDGED GUILTY** of these this felony offense, and that a sentencing hearing be set for April 22, 2015 at 10:00 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to

transmit the record in this matter to the presiding United States district judge.

DATED: This 6th day of February 2015.

*s/ James G. Welsh*
United States Magistrate Judge